UNITED STATES, Appellee,

v.

**Jack H. MILLER, Private First Class, U. S. Army, Appellant.**

No. 31,314.

U. S. Court of Military Appeals.

March 19, 1976.

## OPINION OF THE COURT

### PER CURIAM:

We granted accused's petition for review on a question relating to the sentence that was then pending disposition in *United States v. Mosely,* 1 M.J. 350 (1976).

Represented by civilian counsel, the accused pleaded guilty to, and was found guilty of, assault with intent to inflict grievous bodily harm. In argument as to the sentence, defense counsel urged, primarily, that no punitive discharge be imposed. Reviewing the factors that the court members might consider in their deliberations on the sentence, he referred to "deterrence." Counsel remarked that society should exact "its pound of flesh" in a way that the sentence would operate as a deterrent against the accused and make him "realize how important it is" to rehabilitate himself. Responding to these remarks, trial counsel expanded the concept of deterrence to include the interests of society. He entreated the court members to "help . . . prevent some other soldier from doing this same thing again," and he asked them to adjudge a dishonorable discharge and an "extremely substantial period of confinement." Later, although he made no direct reference to deterrence as a factor that the court members could consider, the trial judge instructed them that

---

they "should consider all matters . . . heard today in extenuation, mitigation, and aggravation."

In *Mosely*, we held improper a similar argument by trial counsel as to deterrence of others by imposition of a more severe sentence upon the accused than might otherwise be adjudged. To avoid the consequence of trial counsel's error, the Government contends that the accused waived the right to appellate review of it because no defense objection was interposed at trial. The failure to object, however, does not stand alone. The judge's instruction that the court members could consider all matters in aggravation "heard today" emphasized trial counsel's error, and impels us to the conclusion that sole responsibility for what occurred at trial should not be borne by the accused. *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).

The decision of the United States Army Court of Military Review as to the sentence is reversed, and the sentence is set aside. A rehearing thereon may be ordered.

Judge PERRY did not participate in the decision of this case.