**UNITED STATES**

v.

Airman Michael L. MOORE, FR 234–94–0783 49th Munitions Maintenance Squadron Twelfth Air Force (TAC).

ACM 22000.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 Nov. 1975.

Decided 6 May 1976.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

LeTARTE, Chief Judge:

Despite his pleas, the accused was convicted of robbery and wrongful appropriation, in violation of Articles 122 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 922, 921. The approved sentence extends to bad conduct discharge, total forfeitures, confinement at hard labor for 18 months and reduction in grade to airman basic.

■ Initially, appellate defense counsel contend that the military judge "inadequately considered" the accused's unlawful pretrial confinement in adjudging the sentence. We find no merit in this contention. The only "evidence" introduced at trial concerning the conditions of the accused's pretrial confinement was his affidavit, which should not have been accepted by the military judge. Manual for Courts-Martial, 1969 (Rev), paragraph 75c(2). When an accused believes that he has been subjected to illegal pretrial confinement, he should present acceptable evidence of the relevant circumstances at the trial level so that the issue can be resolved by the court and preserved for appellate scrutiny.[1]

■ Nevertheless, we have considered the accused's affidavit and are satisfied that while the conditions of his pretrial confinement would have been illegal, if as he represented them to be, they did not prejudice him as to the findings or sentence. *United States v. Johnson,* 19 U.S.C. M.A. 49, 41 C.M.R. 49 (1969). Furthermore, the record reflects that the military judge did in fact consider the accused's affidavit in extenuation and mitigation. In our opinion, this procedure was sufficient to offset any injustice that the accused may have suffered as a result of the conditions of his pretrial confinement. *United States v. Cof-*

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Marc G. Denkinger, USAFR. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and First Lieutenant W. Alan Woodford, USAFR.

1. Some of the factors to be considered in ascertaining the propriety of an accused's pretrial confinement conditions are set forth in *United States v. Bayhand,* 6 U.S.C.M.A. 762, 21 C.M.R. 84 (1956). See also, *United States v. Nelson,* 18 U.S.C.M.A. 177, 39 C.M.R. 177 (1969).

fey, 40 C.M.R. 928 (N.B.R.1969); Cf. *United States v. Lockhart*, 43 C.M.R. 968 (A.F.C.M.R.1971), *pet. denied*, 43 C.M.R. 413 (1971). *United States v. Jackson*, 41 C.M.R. 677 (A.C.M.R.1970), *pet. denied*, 41 C.M.R. 403 (1970).

■ Appellate defense counsel's next contention is that the trial counsel erred in urging the military judge to consider deterrence of others as a factor in determining an appropriate sentence. *United States v. Mosley*, 1 M.J. 350 (1976); *United States v. Miller*, 1 M.J. 357 (1976). However, assuming that the argument was improper, we perceive no possibility of prejudice to the accused under the circumstances of this case.

Here, unlike *Mosely* and *Miller*, the accused was tried by a military judge sitting alone.[2] Therefore, since a trial judge is presumed to have exercised the proper discretion in distinguishing between material and immaterial evidence, absent a clear showing to the contrary, we can presume that, in imposing sentence, the military judge properly rejected the trial counsel's argument. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227, 231 (1970). In reaching this conclusion, we find it significant that *Mosely* and *Miller*, supra, are not the first cases in which the propriety of the general deterrence theory was discussed. Rather, the Court's opinion in both cases merely emphasizes that which it had enunciated before with respect to this theory.[3]

■ Appellate defense counsel have invited our attention to two additional issues as asserted by the accused in his request for appellate representation. We find no merit in either of these. The Court's decision in *United States v. Burney*, 21 U.S.C.M.A. 71, 44 C.M.R. 125 (1971), is dispositive of the accused's claim that the military judge erred in failing to consider the offenses multiplicious for sentencing purposes. And the Army Court of Military Review's decision in *United States v. Ambers*, 43 C.M.R. 939 (1971), *pet. denied*, 44 C.M.R. 939 (1971), is dispositive of the accused's assertion that the military judge prejudicially erred in failing to advise the accused that if he elected trial by members, three-fourths thereof would be required to concur in any sentence to confinement in excess of 10 years.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Judge, concurs.

FORAY, Judge, absent.

---

2. See *United States v. Sweisford and Mosely*, 49 C.M.R. 796 (A.C.M.R.1975), and *United States v. Miller, supra.*

3. See *United States v. Hill*, 21 U.S.C.M.A. 203, 44 C.M.R. 257 (1972), wherein the Court condemned the trial judge's apparent belief that the sentence he imposed upon the accused should also operate as a warning to others.