**UNITED STATES**

v.

**Airman First Class Thomas J. ADAMS, FR 500–52–8083 Headquarters, 351st Security Police Group Eighth Air Force (SAC).**

**ACM 22049.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 25 Feb. 1976.

Decided 10 June 1976.

---

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

EARLY, Senior Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of desertion in violation of Article 85, Uniform Code of Military Justice, 10 U.S.C. § 885.[1] The adjudged and approved sentence extends to a bad conduct discharge, confinement at hard labor for fourteen months, total forfeitures, and reduction to airman basic.

Appellate defense counsel assign the following error:[2]

THE STAFF JUDGE ADVOCATE'S POST–TRIAL REVIEW WAS PREJUDICIALLY DEFICIENT BY ADVISING THE CONVENING AUTHORITY THAT TRIAL COUNSEL'S IMPROPER "GENERAL DETERRENCE" SENTENCING ARGUMENT TO THE MILITARY JUDGE DID NOT CAUSE ANY PREJUDICE TO APPELLANT, BASED ON DEFENSE COUNSEL'S FAILURE TO OBJECT THERETO.

We disagree.

In closing argument on sentence, trial counsel, in response to defense counsel's proposal of a sentence of confinement at hard labor for six months (combined with "other aspects of punishment"), stated:

[T]he government would submit that a sentence as that proposed by the defense counsel, six months confinement, would certainly not serve to discourage anyone from going over the hill; rather that would serve to encourage such conduct.

So the government would submit that such a minor slap on the wrist is certainly not appropriate in this case.

\*     \*     \*     \*     \*     \*

What would the government propose as a [sic] appropriate sentence in this case? Well, obviously there are different sorts of aggravated AWOL's . . . so we are not going to propose a maximum sentence, but we would propose that confinement in the vicinity of two years would certainly be appropriate in this case, along with a punitive discharge, which is certainly necessary to discourage this kind of conduct in the future.

So, your honor, we ask that after you consider *all the evidence in this case,* you decide that the *appropriate sentence* would include a punitive discharge as well as a lengthy period of confinement approaching two years. (Emphasis added.)

As indicated, the sentence imposed by the military judge included a bad conduct discharge and confinement at hard labor for fourteen months.

The author of the staff judge advocate's review, in discussing this portion of trial counsel's argument with reference to *United States v. Mosely,* 1 M.J. 350 (1976) and *United States v. Miller,* 1 M.J. 357 (1976), opined:

In the instant case, the argument was moderate in degree and was made before a military judge sitting alone. Considering the fact that the defense did not object to the trial counsel's argument and all other factors in the case, I am of the opinion that the trial counsel's argument did not cause any prejudice to the substantial rights of the accused. However, out of an abundance of caution, I recommend that you reassess the sentence in

1. The accused pleaded guilty to the lesser included offense of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886.

2. In his request for appellate defense counsel the accused challenged the sufficiency of the evidence to sustain the finding of guilty of desertion. We have considered this assertion and the competent evidence of record and find it to be without merit.

this case and that in your reassessment of the sentence you exclude from your consideration trial counsel's argument concerning any possible deterrent effect the sentence might have on others.

We need not decide whether trial counsel's remarks, taken in context, violate the holdings of *Mosely* and *Miller*, both *supra*, as we find that the accused suffered no prejudice thereby. First, the accused was tried by military judge alone who is presumed to have exercised the proper discretion, absent a clear showing to the contrary, in distinguishing between proper and improper argument. *United States v. Moore*, 1 M.J. 856 (A.F.C.M.R.1976). Second, the sentence imposed was less than half of the maximum amount of confinement authorized for the offense of which the accused was found guilty, which indicates the absence of any prejudicial effect of said argument on the military judge. *United States v. Bates*, 1 M.J. 841 (A.F.C.M.R. 1976). Third, the convening authority was advised to reassess the sentence excluding trial counsel's argument concerning the deterrent effect that the sentence might have on others.

In reaching this conclusion, we do not attribute the significance placed by appellate defense counsel on that part of the review alluding to the failure of defense counsel to object to the argument [3] as we feel that it should be read in context with the phrase following, "and all other factors in the case."

Here the convening authority was instructed to reassess the sentence and did so. We find that was the proper procedure to follow to remove any lingering possibility of prejudice since it is at that level that the accused has the best chance of "being relieved from the consequences of a harsh finding or a severe sentence." *United States v. Wilson*, 9 U.S.C.M.A. 223, 26 C.M.R. 3, 6 (1958); see also *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

The findings of guilty and the sentence are

Affirmed.

LeTARTE, Chief Judge, and FORAY, Judge, concur.

---

3. There was a failure to object in *Miller, supra*. However, the effect of trial counsel's argument was "emphasized" by the military judge's instruction to the court members to consider *all matters* in aggravation "heard today."