## UNITED STATES

v.

**Airman First Class Richard C. ECK, FR 220–70–1444 United States Air Force.**

ACM 22796.

U. S. Air Force Court of Military Review.

16 Sept. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

KASTL, Judge:

In this case, we hold that trial counsel's argument on sentence before a military judge alone, while improper, was not prejudicial to the rights of the accused.

Accused was tried by a general court–martial consisting of a military judge sitting alone for three specifications set under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge found accused not guilty of one offense but guilty of possession and sale of 405 grams of marijuana.

Accused was sentenced to a bad conduct discharge, confinement at hard labor for one year, forfeitures of $299.00 per month for one year, and reduction to airman basic.

■ In the sole assignment of error, accused argues that he was prejudiced by the unfounded argument of the prosecution indicating that accused had previously been a seller of drugs. Specifically, assistant trial counsel asserted in argument that the accused was "no novice to the drug trade" and that he was "in fact not a small–time supplier, but rather an experienced dealer . . . ." Accused avers that no prosecution evidence supports this argument.

We find the prosecution's remarks improper because they were based on matters not found within the record. *United States v. Doctor*, 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). However, in this case, we do not find the language so inflammatory as to mandate a rehearing on the sentence.

We premise our decision here on three factors.

■ First, a military judge sitting alone is presumed to exercise proper discretion and to distinguish proper from improper remarks. *United States v. Montgomery*, 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970); *United*

*States v. Adams,* 1 M.J. 877 (A.F.C.M.R. 1976).

 Moreover, the trial defense counsel failed to object to the argument. Normally, such failure to object to matters contained in argument triggers a waiver. *United States v. Williams,* 8 M.J. 826 (A.F.C.M.R.1980); *United States v. Moore,* 6 M.J. 661 (A.F.C.M.R.1978); *United States v. Davic,* 1 M.J. 865 (A.F.C.M.R.1976). Indeed, the absence of objection in this case and defense's counter–argument * suggest minimal impact of assistant trial counsel's remarks upon the military judge.

Finally, lack of harm to the accused is apparent in the fact that the maximum sentence possible in this case extends to a dishonorable discharge, total forfeitures, confinement at hard labor for five years, and reduction to airman basic. Manual for Courts–Martial, 1969 (Revised), para. 127*c.* Yet the sentence here was far below the

maximum authorized. In view of the sentence imposed, we find the accused was not prejudiced. *United States v. Thomas,* 2 M.J. 263 (A.F.C.M.R.1976); *United States v. Adams, supra.*

We have examined the sentencing arguments carefully and find the prosecution's argument moderate in tone. Based on the entire record, we find no prejudice to the accused stemming from the remarks of assistant trial counsel.

The findings of guilty and the sentence are

AFFIRMED.

---

* Defense counsel responded in argument that ". . . Airman Eck is not a big–time dealer . . . [T]here is nothing to indicate that Airman Eck was a dealer . . . [A]irman Eck is not as deeply involved in the drug trade or drug traffic or drug use as the prosecution would have you believe."