UNITED STATES

v.

**Charles W. SNOW, 465 78 7771, Fireman Apprentice (E-2), U. S. Navy.**

**NCM 80 1442.**

U. S. Navy Court of Military Review.

Sentence Adjudged 31 Jan. 1980.

Decided 23 Jan. 1981.

CDR Walter J. Landen, Sr., JAGC, USN, Appellate Defense Counsel.

LT Karl Zobrist, JAGC, USNR–R, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before BAUM, Senior Judge, and PRICE and EDWARDS, JJ.

PRICE, Judge:

Appellant assigns three errors before this Court, two of which relate to questions concerning his entitlement to a previously appointed defense counsel who was absent from the trial. That officer was detailed by the convening authority to represent appellant when two absence offenses were referred to trial in March of 1978. Appellant was not tried on those charges at that time because of another absence commencing in April of 1978. After appellant's return to duty in October of 1979 an additional charge alleging the latest absence was referred to trial along with the original charge and specifications. Another special court-martial convening order was also signed establishing a new court with different members, a new trial counsel and a new defense counsel. The convening order expressly stated that the unarraigned case of appellant "will be brought to trial before the court hereby convened."

Appellant asserts that the military judge erred by not advising him at trial that he had an absolute right to be represented by each lawyer who had been detailed as defense counsel on the two separate convening orders. We disagree with this proposition as presented. At the time of trial the first attorney was no longer detailed as appellant's defense counsel since the second convening order superseded the first. This is in contrast to the facts in *United States v. Murray*, 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970), in which the counsel in question remained on the appointing order

at the time of trial. We believe appellant was not entitled to the absent counsel unless an attorney-client relationship had been established, which then could not be severed by the government for administrative convenience. *Id.* Good cause will justify termination of the attorney-client relationship, *United States v. Eason*, 21 U.S.C.M.A. 335, 339, 45 C.M.R. 109, 113 (1972), but as the Court of Military Appeals said in *United States v. Iverson*, 5 M.J. 440, 442–43 (C.M.A.1978): "Absent a truly extraordinary circumstance rendering virtually impossible the continuation of the established relationship, only the accused may terminate the existing affiliation with his trial defense counsel prior to the case reaching the appellate level." (Footnote omitted).

Here, however, Judge Van Slate, apparently noting that Lieutenant (junior grade) Boetcher had initially been detailed as defense counsel, queried appellant as follows:

MJ: Did you ever discuss your case with Lieutenant Boetcher?

ACCUSED: We discussed it on one occasion.

MJ: Now, would you desire to request to have Lieutenant Boetcher here to represent you along with Lieutenant Smitherman?

ACCUSED: No, sir.

Appellant's statement that he had discussed his case with LTJG Boetcher indicates the possibility that an attorney-client relationship was established. Without more information having been developed, we cannot say if there was or was not such a relationship and, as indicated earlier, if there was an attorney client relationship appellant had certain rights with regard to the presence of that attorney, unless the government had severed the relationship for good cause.

There was no attempt to develop these matters and no attempt to inform appellant of his rights in this context. The failure of the judge, in our opinion, to conduct the proper inquiry and to either establish that there was no attorney-client relationship or that the relationship had been severed for good cause, or to obtain a knowing and voluntary waiver of the appellant's rights to his first detailed counsel's services, leaves us with an omission in the record.

Appellant states in his second assignment of error that the military judge unlawfully severed his attorney-client relationship with LTJG Boetcher. We are unable to reach this conclusion because of the noted omission in the record. Accordingly, we believe the proper course under the facts of this case is to return the record for proceedings in revision, such procedure having been endorsed under similar circumstances in *United States v. Barnes*, 21 U.S.C.M.A. 169, 44 C.M.R. 223 (1972). The record of trial is returned to the Judge Advocate General of the Navy for return to the General Court-Martial authority so that he may determine if revision proceedings to develop the omitted matters are appropriate in accordance with paragraph 88*b, Manual for Courts-Martial, 1969 (Rev.).* If determined to be appropriate, the General Court-Martial authority may authorize the convening authority to cause to have conducted proceedings in revision. Upon completion of the revision proceedings or a determination that proceedings are either impracticable or inappropriate, the record will be returned to this Court for further review.

Senior Judge BAUM and Judge EDWARDS concur.