**UNITED STATES**

v.

**Joseph Peter McGOVERN, 196 52 8809, Mess Specialist Seaman Recruit (E–1), U. S. Navy.**

**NCM 80 2645.**

U. S. Navy Court of Military Review.

Sentence Adjudged 2 May 1980.

Decided 10 April 1981.

CAPT James P. Axelrod, USMC, Appellate Defense Counsel.

LT Joseph G. Van Winkle, JAGC, USN, Appellate Government Counsel.

Before BAUM, PRICE and KERCHEVAL, JJ.

PRICE, Judge:

Appellant assigns three errors before this Court, one of which warrants discussion; the others we deem to be without merit. Assigned error I asserts:

THE MILITARY JUDGE MATERIALLY ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY PROCEEDING THROUGH TRIAL IN THE ABSENCE OF AN AFFIRMATIVE SHOWING THAT THE APPELLANT CONSENTED TO A SUBSTITUTION BY THE CONVENING AUTHORITY OF HIS DETAILED DEFENSE COUNSEL.

The original convening order detailed Lieutenant Commander Mitchell as defense counsel. It was dated 11 March 1980. A 21 March 1980 amendment relieved LCDR Mitchell and substituted Lieutenant Smitherman in his stead. LT Smitherman acted as appellant's only counsel throughout the trial.

While the convening authority can legally replace counsel, paragraph 37a, *Manual for Courts-Martial, 1969 (Rev.)* (MCM), we are troubled by the failure of the military judge to delve a bit further in his *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), inquiry to determine if the facts are such as to support the replacement.

Appellant stated that he wished to be defended by LT Smitherman. (R. 3). He stated he would not like to hire a civilian lawyer at his own expense; nor did appellant wish to make a written request for individual military counsel of his own selection. Finally, appellant stated he was satisfied with LT Smitherman.

The military judge, however, at no time inquired whether appellant had ever talked with LCDR Mitchell, although in his initial review of the allied papers referring the case to trial he undoubtedly should have noted the counsel amendment. Nor did the judge advise appellant that he was entitled to have LCDR Mitchell present with LT Smitherman, if a lawyer-client relationship

had been established and had not been severed by the government for good cause. We can not be certain that appellant understands his rights to counsel if they are not explained to him on the record by the military judge; indeed, that is the purpose of the inquiry required by *United States v. Donohew, supra.*

In a recent similar case the military judge inquired of appellant if he had ever discussed his case with the initially detailed defense counsel to which appellant responded "on one occasion." *United States v. Snow,* 10 M.J. 742 (N.C.M.R.1981). In *Snow* the judge did not inquire further but left this court to speculate whether an attorney-client relationship was established; another question or two could have resolved that issue. In the case *sub judice* the judge did not even ask the necessary threshold questions.

We do not question the convening authority's right to substitute counsel. We are concerned only with the unfulfilled duty of the military judge to make it clear on the record whether or not appellant was entitled to the presence of the substituted counsel and, if entitled, that appellant make a knowing decision to waive representation by that counsel.

As in *Snow,* we cannot say if there was here an attorney-client relationship established with LCDR Mitchell. If there was, appellant has certain rights with regard to the presence of that attorney, unless the government had severed the relationship for good cause or unless appellant had knowingly waived his presence. At the time of trial the first counsel was no longer detailed as appellant's defense counsel since the second convening order superseded the first. The failure of the military judge to fully clarify the relationship with appellant of LCDR Mitchell leaves us with an omission in the record.

In light of this omission, the record of trial is returned to the Judge Advocate General of the Navy for return to the General Court-Martial authority so that he may determine if revision proceedings to develop the omitted matters are appropriate in accordance with paragraph 88b, *Manual for Courts-Martial, 1969 (Rev.).* If determined to be appropriate, the General Court-Martial authority may authorize the convening authority to cause to have conducted proceedings in revision. Upon completion of the revision proceedings or a determination that proceedings are either impracticable or inappropriate, the record will be returned to this Court for further review.

Senior Judge BAUM and Judge KERCHEVAL concur.