## UNITED STATES

v.

**William G. HARRIS, 520 52 0992, Lance Corporal (E-3), U. S. Marine Corps.**

**NMCM 81 0171.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 June 1980.

Decided 30 Nov. 1981.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LT Wm. Eric Minamyer, JAGC, USNR, Appellate Government Counsel.

**CEDARBURG, Chief Judge:**

This case was originally submitted without specific assignment of errors. This Court requested briefs from appellate counsel as to whether the advice given by the military judge satisfies the requirements established by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), "that the record should contain the accused's personal response to direct questions [regarding counsel rights] incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder." *Id.* at 152, 39 CMR at 152. Government counsel moved, pursuant to Rule 18 b, Courts of Military Review Rules of Practice and Procedure, 10 M.J. LXXXVI, to have the matter heard by this Court sitting as a whole to secure uniformity of its decisions, citing recent decisions by a panel of this Court differing from those of two other panels. The Court, by a majority of all judges present for duty, determined to hear the matter sitting as a whole.

Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b) provides:

> The accused has the right to be represented in his defense before a general or special court-martial by civilian counsel if provided by him, or by military counsel of his own selection, if reasonably available or by the defense counsel detailed under section 827 of this title (article 27). Should the accused have counsel of his own selection, the defense counsel and assistant defense counsel, if any, who were detailed, shall, if the accused so desires, act as his associate counsel; otherwise they shall be excused by the military judge or by the president of a court-martial without a military judge.

Appellant's case was referred to trial on 12 May 1980 by the Commanding Officer, Marine Barracks, Naval Weapons Station, Charleston, South Carolina, before the special court-martial appointed by his Convening Order 8–80, dated 12 May 1980. Lieutenant Commander Thomas W. Mitchell, Jr., JAGC, USN, was designated as defense counsel on the appointing order. On 14 May 1980, Special Court-Martial Amending Order 8a–80 modified Convening Order 8–80 by substituting Lieutenant Edward P. Gibson, JAGC, USNR, as defense counsel, and relieving Lieutenant Commander Mitchell. Appellant and the convening authority negotiated a pretrial agreement which was signed on 30 May 1980. Appellant was arraigned and pleaded guilty, in accordance with the pretrial agreement, on 12 June 1980.

The *Donohew* advice, inquiry and responses consist of the following:

MJ: Now, Lance Corporal Harris, before proceeding further I want to ensure that you understand your rights concerning counsel at your trial. You have the option to be represented at your trial by a civilian lawyer provided by you at no expense to the government. You also have the right to be represented at your trial by a military lawyer of your own selection, provided by the government at no expense to you if that counsel is reasonably available. If you are defended by a civilian lawyer or by military lawyer of your own selection then Lieutenant Gibson, who is your detailed counsel, he may act as associate counsel or he may be excused, if you wish, with your consent. Now, do you understand your rights concerning counsel?

ACCUSED: Yes, sir.

MJ: By whom do you wish to be defended?

ACCUSED: Lieutenant Gibson, sir.

MJ: Would you like to hire a civilian lawyer at your own expense?

ACCUSED: No, sir.

MJ: Would you like to make a written request for individual military counsel of your own selection?

ACCUSED: No, sir.

MJ: Are you satisfied then with Lieutenant Gibson?

ACCUSED: Yes, sir.

(R.3).

■ The question is whether the mandate of *Donohew* has been minimally satisfied in this case. We conclude *Donohew*'s requirements have been met. Appellant cites *United States v. McGovern*, 11 M.J. 582 (N.C.M.R.1981) and *United States v. Snow*, 10 M.J. 742 (N.C.M.R.1981), in support of his contention that the inquiry was so deficient so as to require corrective action. In *Snow*, the military judge, after noting that the accused was being represented by a substituted counsel, asked if he had ever discussed his case with the initially detailed defense counsel and was told that he had on one occasion. No further inquiry

was made. No inquiry whatsoever regarding the substitution of counsel was made in *McGovern* by the military judge. The facts of the latter case track very closely with the facts before us now.

■ Appellant's counsel at oral argument conceded a point contended by government counsel: an accused does not have an absolute right to be represented at trial by each lawyer who has been detailed as defense counsel on separate convening orders. The concession is appropriate and entirely correct. A convening authority can legally replace counsel. Paragraph 37a, *Manual for Courts-Martial, 1969 (Rev.)* (MCM). In actual practice, this occurs quite frequently. Cases are referred to courts-martial in existence, and then, based on actual counsel assignments later determined or factors effecting the availability of judges, counsel, and court members contemporaneous with the actual trial date, modifications are made to the original convening order to reflect the change. When a modification is made in the usual situation, the order has the effect it specifies. In the case before us, Amending Order 8a–80 of 14 May 1980 specified:

My special Court-Martial Convening Order Number 8–80, dated 12 May 1980, is modified as follows:

### COUNSEL

Lieutenant Edward P. GIBSON, Judge Advocate General's Corps, U. S. Navy Reserve, Defense Counsel, certified in accordance with Article 27(b), and previously sworn in accordance with Article 42(a), UCMJ, is hereby detailed.

Lieutenant Commander Thomas W. MITCHELL, Junior, Judge Advocate General's Corps, U. S. Navy, Defense Counsel, certified in accordance with Article 27(b), and previously sworn in accordance with Article 42(a), U.C.M.J. is hereby relieved.

The record supports the fact that at the time of trial appellant had but one detailed counsel, Lieutenant Edward P. Gibson, he having been detailed on 14 May 1980 and

Lieutenant Commander Thomas W. Mitchell, having been relieved the same date by the same order. There is not the slightest indication that an attorney-client relationship was ever established between appellant and Lieutenant Commander Mitchell or that any improper motive existed which might negate his relief by the convening authority. *United States v. Eason,* 21 U.S. C.M.A. 335, 45 C.M.R. 109 (1972). No objection to the modification was made at trial by appellant or his detailed counsel. Appellant expressed his satisfaction with Lieutenant Gibson serving as his detailed counsel. Neither appellant nor his appellate defense counsel assert before us that Lieutenant Commander Mitchell had established an attorney-client relationship or even that he had spoken with him. Their prayer for relief, the ordering of revision proceedings, is predicated on their belief that a procedure mandated by *United States v. Donohew, supra,* has not been followed by the trial judge.

We decline to grant the relief requested and in so doing specifically overrule any support to the contrary derived from *United States v. McGovern, supra. United States v. Snow, supra,* involving as it does, some indication of a termination of an attorney-client relationship, requiring an expanded inquiry to discover whether a valid waiver of an attorney right was effected, is distinguishable for that reason. *Cf. United States v. Koren,* 17 U.S.C.M.A. 513, 38 C.M.R. 311 (1968). This case is not unlike a great percentage of the cases where modifications are routinely made to original convening orders in order to reflect the circumstances dictated by changed conditions after the initial referral to trial. We have no reason, in the absence of objection or indication in the record, to presume anything but regularity in the issuance of modifications to appointing orders. In so doing, we follow the long-standing rule voiced by the Court of Military Appeals in one of its earliest decisions that, "courts have long indulged in the legal presumption of regularity in the conduct of governmental affairs. *United States v. Pugh,* 99 U.S. 265, 271, 25 L.Ed. 322, 324; *Johnson v. United States,* 225 U.S. 405, 411, 32 S.Ct. 748, 750, 56 L.Ed. 1142, 1144. In the absence of a showing to the contrary, this court must presume that the [Armed Forces] and [their] officials carry out their administrative affairs in accordance with regulations...." *United States v. Masusock,* 1 U.S.C.M.A. 32, 35, 1 C.M.R. 32, 35 (1951). Since Amending Order 8a–80 superseded the appointment of Lieutenant Commander Mitchell as defense counsel, at the time of trial, he was no longer detailed as appellant's defense counsel.

We determine that the inquiry in this case and appellant's personal response incorporates minimally each of the elements of Article 38(b), including his unconditional right to the sole detailed counsel assigned at the time of trial, as well as his understanding of his entitlement.

The findings and sentence as approved on review below are affirmed.

Senior Judge SANDERS, and Judges BOHLEN, MICHAEL, MAY and BYRNE concur.

GLADIS, Senior Judge (dissenting):

I dissent from the Court's holding that the requirements of *United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), were satisfied in this case.

*Donohew* requires that the record of trial contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), Uniform Code of Military Justice (UCMJ), as well as his understanding of his entitlement thereunder. Article 38(b) provides that the accused has the right to be represented by the defense counsel detailed under Article 27(b), UCMJ, 10 U.S.C. § 827(b).

In this case the original convening order detailed Lieutenant Commander Mitchell. A subsequent amendment relieved Lieutenant Commander Mitchell and substituted Lieutenant Gibson. But, if the accused had formed an attorney-client relationship with the counsel originally detailed to represent him, that counsel could not be properly relieved without the consent of the accused,

except for good cause. *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *United States v. Murray*, 20 U.S.C. M.A. 61, 42 C.M.R. 253 (1970). Therefore, under such circumstances in the absence of the informed consent of the accused or good cause for relief, the accused would still be entitled under Article 38(b) to be represented by his originally detailed counsel. Hence, advice by the military judge which does not apprise the accused of this right does not satisfy the *Donohew* requirement that he be advised of his entitlement under Article 38(b).

I am unwilling to rely on the presumption of regularity in order to conclude that either no attorney-client relationship was established between the accused and the originally detailed defense counsel or, if one was established, it was terminated for good cause or with the accused's consent. Such a presumption is inappropriate in this area. There is no logical reason to presume that the accused was properly advised of his rights here, when the Court of Military Appeals specifically declined to indulge in the same presumption in *Donohew* in lieu of

requiring a full statement on the record to eliminate uncertainty on appeal. Moreover, here, it is unreasonable to presume the convening authority would know whether an attorney-client relationship had been established when he substituted counsel.

Therefore, I cannot join the majority in overruling *United States v. McGovern*, 11 M.J. 582 (N.C.M.R.1981), which is factually indistinguishable from this case and correctly applies the law announced in *Donohew*.[1] This case should be remanded for additional proceedings to establish compliance with *Donohew*.

Senior Judge BAUM and Judge KERCHEVAL join in this dissent.

Judges ABERNATHY, GORMLEY and MALONE (not participating).

---

1. In a line of cases typified by *United States v. McGee*, No. 80 3213 (NCMR 6 March 1981), this Court deviated from the requirements of *Donohew*. In *McGee*, in which the facts were similar to the case before the Court today, the inquiry and advice as to counsel rights was found to be adequate. Examination of *McGee* reveals that it was decided in mistaken reliance on *United States v. Koren*, 17 USCMA 513, 38 CMR 311 (1968), a case which antedated the *Donohew* decision. *Koren* is inapposite because *Donohew* makes clear that inquiry and advice which satisfy *Koren* do not satisfy the *Donohew* requirement. *McGee* also cited *United States v. Otterbeck*, 50 CMR 7 (NCMR 1974), which is distinguishable because the record established that an attorney-client relationship had never been formed.