### UNITED STATES

v.

**Richard Floyd JOHN, 459 31 3703, Machinist's Mate Fireman Apprentice (E-2), U. S. Navy.**

**NMCM 81 1194.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 Sept. 1980.

Decided 31 Dec. 1981.

---

LCDR Stephen C. Baker, JAGC, USN, Appellate Defense Counsel.

LT Darrell M. Grams, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and GLADIS, JJ.

CEDARBURG, Chief Judge:

We have examined the record of trial, the two assignments of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of appellant was committed.

■ Despite a full providence inquiry by the military judge, in accordance with *United States v. Green*, 1 M.J. 453 (C.M.A.1976), *United States v. Elmore*, 1 M.J. 262 (C.M.A. 1976), and *United States v. Care*, 18 U.S.C. M.A. 535, 40 C.M.R. 247 (1969), appellant, on review by this Court, asserts that his guilty pleas, entered pursuant to a pretrial agreement, are improvident. The predicate for his contention was the omission by the military judge of any inquiry regarding the existence or continuance of an attorney-client relationship between appellant and the counsel appointed in Subic Bay, Republic of the Philippines, at the time of the referral on 24 September 1979, of the original Charge, consisting of five specifications of unauthorized absence. Appellant subsequently absented himself prior to trial of those charges at Subic Bay. Thereafter, an Additional Charge of one specification of unauthorized absence was preferred in San Diego, California, where appellant was returned from his latest unauthorized absence after his apprehension in Forth Worth, Texas. The original and Additional Charge were referred for trial at San Diego on 22 August 1980.

The military judge noted the prior referral and received the representation of trial counsel, without objection by the defense, that the referral to a new court was occasioned by appellant's unauthorized absence which made trial in Subic Bay infeasible, "due to the changes and such things as the convening authority, members [and] the location of trial . . . ." He explained that the original charges were referred while appellant's ship, the USS KITTY HAWK, was at Subic Bay but could not be tried there because of appellant's disappearance. San Diego became the situs of the trial because appellant was returned to where the USS

KITTY HAWK was located after the most recent unauthorized absence.

The military judge's discussion of counsel rights with appellant was as follows:

MJ: ... I want to talk to you now, a little bit about your rights to counsel. Lieutenant Warner has been detailed to defend you at this trial. In addition to Lieutenant Warner, you have the right to be represented by a civilian lawyer, provided by you at no expense to the Government or to be represented, free of charge, by a military lawyer of your own selection if that lawyer is reasonably available. If you are represented by either a civilian or military lawyer of your own selection, Lieutenant Warner would continue to act as your associate defense counsel unless you excuse him. Do you understand your rights to counsel?

ACC: Yes, Your Honor.

MJ: Do you have a lawyer in addition to Lieutenant Warner?

ACC: No, Your Honor.

MJ. Would you like additional time in order to obtain either a civilian or military lawyer of your own selection?

ACC: No.

MJ: Are you satisfied with Lieutenant Warner as your only defense counsel in this case?

ACC: Yes, Your Honor.

(R.4–5).

Appellate defense counsel moved, and this Court granted his motion to present documents which support establishment of an attorney-client relationship between appellant and Lieutenant (junior grade) Lynn M. Maynard, JAGC, USNR, at the time of the initial referral in Subic Bay.[1] Neither appellant, his trial defense counsel nor his appellate counsel have represented that the attorney-client relationship with LT(jg) Maynard was terminated without his consent. Their reliance instead is upon an asserted procedural duty of the military judge to affirmatively establish on the record that no attorney-client relationship ever existed or, if established, was not terminat-

ed with the consent of the appellant. Appellant argues that further inquiry was mandated on the basis of the military judge's knowledge of the prior referral and the responses to the advice and questioning of appellant regarding Article 38, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 838, rights to counsel. We adhere to our holding of *United States v. Harris*, 12 M.J. 707 (N.M.C.M.R.1981) (*en banc*), acknowledging factual differences between the two cases. We conclude, however, consistent with the rationale in *United States v. Harris*, that the mandate of *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), requiring, "that the record should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlement thereunder[,]" has been minimally satisfied in this case.

The record does not suggest, nor do the documents filed with us assert, that at the time of trial appellant was not being represented by the appointed counsel to whom he was entitled by the second referral; neither do they support directly or by necessary implication that the prior attorney-client relationship with LT(jg) Maynard had not been voluntarily relinquished in favor of LT Warner. The advice appellant received from the military judge correctly delineated his Article 38, UCMJ, counsel rights. Appellant expressed his understanding of those rights. He was represented at trial by an appointed counsel certified under Article 27, UCMJ, 10 U.S.C. § 827, who had negotiated a favorable pretrial agreement. He responded that he had no lawyer in addition to LT Warner, and was satisfied with LT Warner as his only defense counsel in this case. No objection was raised by appellant or his counsel to proceeding with his appointed counsel; on the contrary, satisfaction with him and with his sole representation was affirmatively demonstrated on the record. No more was required by *United States v. Donohew, supra*, although additional questioning would have been pre-

1. This counsel has since augmented into the regular Navy.

ferable to preclude just such claim of procedural deficiency as we now address. We reject the assignment accordingly.

■ Appellant also asserts that trial counsel improperly argued during sentencing that his unauthorized absence was terminated by apprehension, that evidence not being before the court. There is indication that the facts in question were elicited during the providence inquiry, admitted by appellant while discussing the circumstances which surrounded the termination of an unauthorized absence. (R.20). Defense counsel failed to object at trial. Consequently, any potential error is waived. *See United States v. Eck*, 10 M.J. 501 (A.F.C.M.R.1980) (military judge sitting alone is presumed to exercise proper discretion and to distinguish proper from improper remarks). *See also* Military Rules of Evidence 103.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Judge SANDERS concurs.

GLADIS, Judge (dissenting):

I dissent from the majority's holding that appellant was properly advised of his rights to counsel as required by *United States v. Donohew*, 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969), first, for the reasons stated in my dissent in *United States v. Harris*, 12 M.J. 707 (N.M.C.M.R.1981) (*en banc*), and second, because this case is distinguishable from *Harris.*

In *Harris*, the majority found that a colloquy between the military judge and accused, similar to the one in this case, satisfied the requirement of *United States v. Donohew, supra* at 152, that the record of trial contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), Uniform Code of Military Justice (UCMJ).[1] In *Harris*, the convening authority replaced the originally detailed defense counsel with a substitute by an amendment to the convening order. The majority of this Court relied on the

presumption of regularity to support its conclusion that there was no unlawful termination of an existing attorney-client relationship between the accused and the original detailed defense counsel saying,

... We have no reason, in the absence of objection or indication in the record, to presume anything but regularity in the issuance of modifications to appointing orders. In so doing, we follow the longstanding rule voiced by the Court of Military Appeals in one of its earliest decisions that, "courts have long indulged in the legal presumption of regularity in the conduct of governmental affairs. *United States v. Pugh*, 99 U.S. 265, 271, 25 L.Ed. 322, 324; *Johnson v. United States*, 225 U.S. 405, 411, 32 S.Ct. 748, 750, 56 L.Ed. 1142, 1144. In the absence of a showing to the contrary, this court must presume that the [Armed Forces] and [their] officials carry out their administrative affairs in accordance with regulations. ..." *United States v. Masusock*, 1 U.S.C.M.A. 32, 35, 1 C.M.R. 32, 35 (1951)

The *Harris, supra* at 710, majority noted, however, that a situation in which the record indicated that an attorney-client relationship had been formed and terminated was distinguishable and required an expanded inquiry. *Id.* at 4; *see United States v. Snow*, 10 M.J. 742 (N.C.M.R.1981).

In this case, pursuant to Rule 23, Rules of Practice and Procedure for the Courts of Military Review, 10 MJ LXXXVIII, appellant moved to attach certain documents to the record. These documents clearly demonstrate an extensive attorney-client relationship between appellant and his originally designated defense counsel in Subic Bay, Lieutenant (junior grade) Maynard. These supplemental documents demonstrate that LT(jg) Maynard prepared a memorandum concerning a potential *in personam* jurisdiction defense, as well as a written stipulation of testimony which supported that memorandum. In light of these facts, I believe that the presumption of regularity upon

---

1. Article 38(b) provides that an accused has the right to be represented by the defense counsel

detailed under Article 27(b), UCMJ.

which *United States v. Harris* relies is rebutted. The only distinction between this case and *Snow,* which requires an expanded inquiry, is that in *Snow,* the existence of the attorney-client relation between the accused and his original detailed counsel was revealed at trial.

The majority would apparently conclude that the perfunctory colloquy between trial judge and appellant concerning his satisfaction with counsel, his desire to have no other counsel, etc., (noted in the majority opinion), coupled with the *Harris* presumption of regularity that appellant's second detailed counsel properly informed him of his right to LT(jg) Maynard's presence, suffices to establish a sufficient record of an intelligent, voluntary severance of the previous attorney-client relationship. To extend the *Harris* presumption that far violates the principles announced in *United States v. Donohew,* and overreaches the facts of *United States v. Harris.*

*United States v. Harris* involved a modification to a convening order before the same court, in the same geographical location, and within a relatively short time frame from the issuance of the original convening order. Here, the military judge and counsel were clearly aware that the original charges had been withdrawn and then re-referred over a span of nearly one year and 7000 miles. Certainly, these circumstances would put the military judge on notice that there was a substantial probability that a previous attorney-client relationship had been formed in Subic Bay. The majority would require that the accused specifically volunteer that the case had been discussed with counsel and that the accused now desired counsel's presence. Can it be reasonably presumed that appellant was aware of and remembered the details of his previous attorney-client relationship under these circumstances?

Because of the distinguishing factor of withdrawal and re-referral, here, presumption of regularity concerning an "everyday" convening order modification does not suffice. The presumption of Government reg-

ularity, relied on by the majority, must extend to the advice which LT Warner, subsequent detailed defense counsel, gave to appellant concerning the right to LT(jg) Maynard's appearance. To extend that presumption, one must believe that LT Warner was aware of the extent of LT(jg) Maynard's work on the case, advised appellant of his right to her presence, and that a conscious decision was made to forego the tactical advantage of LT(jg) Maynard's efforts.

As I noted in my dissent in *United States v. Harris,* and as the facts of this case clearly show, such a presumption of regularity concerning LT Warner cannot be safely extended into the realm of right to effective assistance of counsel. The Court of Military Appeals, in *United States v. Donohew,* specifically declined to indulge in the presumption that detailed defense counsel would properly advise an accused of his rights under Article 38(b), UCMJ. *See United States v. Donohew, supra* at 152.

A *DuBay*[2] hearing is in order under these circumstances to establish on the record, with certainty, the intelligent and voluntary waiver of LT(jg) Maynard's presence. That action would not, of course, be necessary if the military judge had gone one step further in her inquiry concerning counsel and asked appellant if he had ever discussed the case with his counsel in Subic Bay, and advised him of the right to be represented by counsel with whom he had formed an attorney-client relationship. The record would have then clearly reflected appellant's *understanding* of his rights. *United States v. Donohew, supra* at 152.

Accordingly, I would remand the case for additional proceedings to establish appellant's understanding of his rights and consent to the severance of the attorney-client relationship he had established with LT(jg) Maynard, if he did knowingly consent.

2. *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).