## UNITED STATES

v.

**Chuck E. ROBERTS, 293 66 1713, Seaman Recruit (E–1), U. S. Navy.**

**NMCM 82 0828.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 May 1981.

Decided 30 July 1982.

LT Stephen R. Cochell, JAGC, USNR, Appellate Defense Counsel.

LCDR Craig A. Biegel, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

GLADIS, Senior Judge:

The accused was convicted by a special court-martial composed of officer members of three unauthorized absences and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and forfeitures of $334.00 per month for 2 months. The convening and supervisory authorities approved the sentence without change.

The accused contends that he was denied the effective assistance of counsel. We agree and reverse.

The charge was originally referred to trial on 12 February 1980. LCDR Groat was detailed as defense counsel. The accused discussed the charge with him but then commenced an unauthorized absence of 9 months. Upon the accused's return, the charge, together with an additional charge, was referred to trial on 4 February 1981 in a second court. LT Cooper was the defense counsel detailed to this court. At the initial session, conducted in accordance with Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a), on 11 March 1981, at which LT Cooper represented the accused, the military judge advised the accused that he was entitled to be represented by LCDR Groat as detailed counsel. The accused indicated that he desired to be represented by LCDR Groat. The court recessed for 15 minutes until LCDR Groat appeared and was advised by the judge that he was individual military counsel because the attorney-client relationship between LCDR Groat and the accused had been severed by the accused's misconduct in absenting himself without authority. The accused was arraigned, the military judge ordered LT Cooper to submit a written request for LCDR Groat as individual military counsel, although LT Cooper stated that the defense position was that LCDR Groat was present as detailed counsel. LCDR Groat had indicated that he would advise the accused

against requesting him as individual military counsel, if the accused desired another individual military counsel. LCDR Groat requested and received a continuance until 23 March 1981. LCDR Groat conferred with the accused after the second Article 39(a) session on 11 March 1981, but was then directed on that date by his commanding officer not to discuss the case with the accused or LT Cooper until the request for individual military counsel was clarified. (R. 21; Defense Counsel Reply of 14 October 1981 to Staff Judge Advocate's Review). LCDR Groat did not confer with the accused again until after the trial.

On 16 March 1981, the accused requested LT Berg as individual military defense counsel. LT Cooper forwarded the request, asserting that LCDR Groat was detailed counsel. After LT Berg's commanding officer determined on 20 March 1981 that she was unavailable, on 23 March 1981, the convening authority requested that LCDR Groat be made available to represent the accused. At an Article 39(a) session on 23 March 1981, trial counsel indicated that LCDR Groat was unavailable because of illness and requested a continuance until 6 April 1981. LT Cooper concurred in the request. On 24 March 1981, LCDR Groat's commanding officer notified the convening authority in writing that LCDR Groat was available to act as individual military counsel and requested that the accused be instructed to contact him. Neither the accused, LCDR Groat, nor LT Cooper was informed of this.

At an Article 39(a) session on 6 April 1981, trial counsel announced that LCDR Groat was hospitalized and would not return to duty for about 30 days. The accused again requested LCDR Groat. The military judge granted a continuance until 4 May 1981. On that date, trial counsel indicated that LCDR Groat was still hospitalized and would be unavailable indefinitely. LT Cooper requested a continuance, indicating that the accused desired another individual military counsel or a civilian counsel, if LCDR Groat would not be available. The judge granted a continuance until 18 May 1981. On that date LT Cooper

announced that LCDR Groat had been released from the hospital and would represent the accused if his command affirmed or reaffirmed his availability. Trial counsel indicated that he understood LCDR Groat was available. The military judge continued the case until 20 May 1981. On 18 May 1981 LCDR Groat's commanding officer again directed him not to speak to or represent the accused until the situation was clarified. (R. 19, 22). On 20 May 1981, LCDR Groat was notified that he could represent the accused. (R. 25). On that date the accused was an unauthorized absentee. The trial proceeded in his absence over the objection of both defense counsel. The military judge denied defense motions to dismiss the charges because of denial of effective assistance of counsel and to abate, or grant a continuance for, the proceedings because LCDR Groat had not consulted with the accused. The accused was convicted in absentia.

■ An accused may not be denied, without good cause, the services of a requested counsel who has established a bona fide attorney-client relationship and has actively engaged in the preparation and pretrial strategy of a case. *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972). We assume for the purposes of this appeal that the accused had established such a relationship with LCDR Groat before he commenced his second unauthorized absence. All parties below have proceeded on that assumption. But, the military judge found that the relationship had been severed by the misconduct of the accused, citing *United States v. Thomas*, 45 C.M.R. 908 (N.C.M.R.1972). In *Thomas* this Court recognized that an established attorney-client relationship may not be severed by the Government for administrative convenience alone, but found no abuse of discretion in denying an accused the services of an attorney with whom he had had such a relationship, where the attorney had been elevated to the bench as a military judge during the interim of the accused's four-month unau-

thorized absence.[1] The court noted that under the circumstances it was not an abuse of discretion to reassign the attorney to duties which ultimately resulted in the denial of his availability to continue the attorney-client relationship with the accused. We do not, however, construe *Thomas* as holding that the misconduct of an accused, who becomes an unauthorized absentee after charges are referred to trial, severs an established attorney-client relationship with his originally detailed counsel and justifies denying him the services of that counsel upon his return when counsel is still in the area, attached to the command providing legal services, and still performing defense counsel duties. Such a construction is inconsistent with *United States v. Snow*, 10 M.J. 742 (N.C.M.R.1981), in which we held, in effect, that an accused was entitled to be represented by an attorney previously detailed to represent him and subsequently relieved by the convening authority, if he had established an attorney-client relationship with that attorney, even though the accused subsequently commenced an 18-month unauthorized absence, unless the relationship had been severed for good cause or with the consent of the accused. *Cf. United States v. John*, 12 M.J. 821 (N.M.C.M.R.1981) (in which the court did not find that the accused's unauthorized absence severed the attorney-client relationship with his originally detailed counsel but assumed that the accused consented to not being represented by her in the absence of evidence to the contrary).[2]

■■■■ The judge here indicated that it was the stated policy of LCDR Groat's commanding officer to make available those counsel requested in the area. We conclude that the accused's misconduct did not sever his attorney-client relationship with LCDR Groat and that under the circumstances the judge and LCDR Groat's commanding officer erred in requiring the accused to submit a written request for LCDR Groat as individual military counsel. Their error did not prevent the accused from requesting the services of another individual military counsel, because he did request the services of LT Berg, but she was not reasonably available. But the error here did result in an improper interference with an existing attorney-client relationship. LCDR Groat's commanding officer directed him not to act on the accused's behalf or talk to him or LT Cooper, the other defense counsel. LCDR Groat went to trial over his objection without adequate preparation because he did not have a sufficient opportunity to talk to the accused. LCDR Groat's illness and the accused's unauthorized absence contributed to the lack of preparation. Normally where an accused's unauthorized absence hinders his defense counsel in adequately representing him, he will not be heard to complain. *Cf. United States v. Meek*, 7 M.J. 923 (N.C.M.R.1979). But here the major factors contributing to the hindrance were the interference with the attorney-client relationship; the Government's failure to notify the accused, LCDR Groat, or LT Cooper when LCDR Groat was determined to be available; and the commanding officer's orders to LCDR Groat not to talk to the accused or act on his behalf. LCDR Groat was not told that he could represent the accused until 20 May 1981, the date on which the case was tried. In asking for a continuance until he had an opportunity to consult with the accused, LCDR Groat pointed out that the accused had a history of short unauthor-

---

1. Although we do not dismiss the finding in *United States v. Thomas*, 45 C.M.R. 908 (N.C.M.R.1972), as dicta, its precedential value is questionable because the court also found that the right to raise the issue on appeal had been waived. We have since held, however, that denial of requested counsel, with whom an attorney-client relationship has been established, because the counsel has been elevated to the bench, is proper. *United States v. Rachels*, 4 M.J. 697 (N.C.M.R.1977); *aff'd*, 6 M.J. 232 (C.M.A.1979).

2. In *United States v. John*, 12 M.J. 821 (N.M.C.M.R.1981), the charge was originally referred to trial, and the first counsel was detailed, at Subic Bay where the accused's ship was. Upon the accused's apprehension following a post-referral/pre-trial unauthorized absence, the charge and additional charge were referred to trial in San Diego, to which port the ship had also returned.

ized absences. (R. 30). We do not know the exact date on which the accused returned, but apparently he did so before 27 May 1981, when he was advised of his appellate rights. Had the accused been present on 20 May 1981, the defense would have been entitled to a reasonable continuance in order to permit LCDR Groat to consult with the accused and prepare his case. A trial judge should be liberal in the granting of continuances where good cause for the delay exists. *United States v. Dunks,* 1 M.J. 254, n.3 (C.M.A.1976); *United States v. Daniels,* 11 U.S.C.M.A. 52, 55, 28 C.M.R. 276, 279 (1959). The lack of extenuation and mitigation offered in this case indicates a lack of preparation. We do not hold that the accused was entitled to an indefinite abatement of the proceedings, but we do find that the military judge abused his discretion by failing to grant a continuance for a reasonable period of time. The actions of the Government resulted in a denial of effective representation of counsel. Accordingly, the findings of guilty and sentence are set aside. A rehearing is authorized.

BYRNE, Judge (concurring in the result):

Senior Judge Gladis' opinion is irrelevant insofar as it attempts to distinguish and narrow *United States v. Thomas,* 45 C.M.R. 908 (N.C.M.R.1972), because, whether Lieutenant Commander Groat was detailed defense counsel or individual military counsel, he was present and so was the defense counsel detailed for this trial. *United States v. Snow,* 10 M.J. 742 (N.C.M.R.1981), and *United States v. John,* 12 M.J. 821 (N.M.C.M.R.1981), are also irrelevant as the original counsel was not made available in those cases.

The individual military counsel's motion for what appeared to be an indefinite continuance to allow him to contact appellant was overbroad. Two of the three unauthorized absences appellant had been charged with were for very long time periods: over 2 years and over 9 months. Consequently, the military judge had sound reasons to deny such a motion. But he was faced with a practical situation of going to trial with an individual military counsel who, through no apparent fault of his own, claimed he was only advised on the day of trial that he could represent the appellant.

■ Under such circumstances, although he had patiently granted the defense many previous continuances, the military judge should have modified the defense request for an indefinite continuance and provided the individual military counsel a reasonable number of days to prepare a defense, regardless of the presence or absence of the appellant. For this reason, I concur in the result.

MALONE, Judge (concurring opinion):

I join Senior Judge Gladis in his decision. In addition, I would like to express my agreement with Judge Byrne's conclusion that it was an abuse of the military judge's discretion to deny the defense motion for an indefinite continuance without, at least, granting a reasonable continuance to LCDR Groat in order that he might prepare for trial. By denying a continuance of even a few days to a counsel who, until the day of trial, had been restricted by the order of his commanding officer from any participation in defense preparation was, in my opinion, a gross denial of the accused's constitutional right to effective assistance of counsel.