UNITED STATES, Appellee

v

JOHN RAYMOND MURRAY, JR., Private, U. S. Marine Corps, Appellant

20 USCMA 61, 42 CMR 253

No. 23,095

August 21, 1970

*Lieutenant Donald B. Brant, Jr.*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Commander Michael F. Fasanaro, Jr.*, JAGC, USN, was on the pleadings for Appellee, United States.

### Opinion of the Court

FERGUSON, Judge:

The question before us in this case is whether the accused was denied the effective assistance of his appointed defense counsel, Captain Leavitt.

The facts are not in dispute. Captain Leavitt was specifically appointed by the convening authority on June 14, 1968, to defend the accused. From that date until August 30, 1968, the

record reflects that he vigorously pursued his duties in that regard. On September 3, 1968, Lieutenant Highland informed the accused that he would thereafter represent him as Captain Leavitt had been transferred to Hawaii on a permanent change of duty station as of August 30th. Subsequent efforts to have Captain Leavitt made available for trial resulted in a reply from Navy headquarters in Hawaii that he was not reasonably available for such assignment.

The issue was raised at trial when Lieutenant Highland, in reply to a specific inquiry from trial counsel, asserted that the appointed defense counsel, Captain Leavitt, had participated in the preparation of the accused's defense and that *his absence from the trial was without the accused's consent*. Lieutenant Highland's motion for a continuance and request that the law officer order the Government to return Captain Leavitt to the base in order to participate in the defense of the accused was overruled.

The issue is not, as stated by the law officer, whether Captain Leavitt was reasonably available for trial. The United States Navy Court of Military Review also adopted this erroneous position and was unable to find "a plausible reason why a particular counsel would be uniquely necessary in this case." The only question to be decided is whether an accused may be deprived of the services of his *appointed* defense counsel, without his consent, simply because of a routine change of assignment. We think that he cannot.

Leavitt was not an individually requested defense counsel but was *appointed* as such and since, at the time of trial, his name remained on the appointing orders it was necessary for the record to reflect his absence and the reason therefor. An accused's right to be represented by █ defense counsel appointed in his behalf is a fundamental principle of military due process. Article 38(b), Uniform Code of Military Justice, 10 USC § 838; United

States v Tavolilla, 17 USCMA 395, 38 CMR 193 (1968); United States v Koren, 17 USCMA 513, 38 CMR 311 (1968). Once entered into, the relationship between the accused and his appointed military counsel may not be severed or materially altered for administrative convenience. United States v Tellier, 13 USCMA 323, 32 CMR 323 (1962).

Captain Leavitt was aware of his transfer orders in early July. On August 16th, trial date was set for September 3d. Since he was due to depart the base on August 30th and to report in Hawaii on September 19th, Captain Leavitt informed Captain Roach, senior man in the defense section, of his imminent departure and the fact that the accused desired Captain Leavitt to defend him at trial. Captain Leavitt stated he would be available to defend the accused *after* August 30th, if necessary. This information was furnished by Captain Roach to the staff judge advocate on August 19th. Later, Captain Roach learned that Captain Leavitt would be permitted to detach and that other people would be assigned his cases.

As we view this record, the convening authority originally had several courses of action open ██ to him. When he learned of Captain Leavitt's imminent departure he could have had the staff judge advocate reschedule the trial to a date prior to August 30th or have taken appropriate action to delay Captain Leavitt's detachment date until after September 3d. In addition, he could have accepted Captain Leavitt's offer to remain in the command until after the trial since the Captain was not due at his new command for more than two weeks thereafter. Failure to follow any one of these routes until after Leavitt's departure, in our opinion, effectively deprived the accused of the services of his appointed counsel. United States v Tellier, supra. Reversal is required.

The decision of the United States Navy Court of Military Review is re-

versed. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

Chief Judge QUINN concurs.

DARDEN, Judge (concurring in the result):

I concur in the result. United States v Coleman, 19 USCMA 524, 42 CMR 126 (1970).