UNITED STATES

v.

**Sergeant Aaron M. LITTLEJOHN, Jr.,
FR 038–24–8100.**

ACM 22264.

U. S. Air Force Court of Military Review.

5 Dec. 1977.

ORDER

ORSER, Judge.

In the above styled case, tried at Incirlik Common Defense Installation, Turkey, the principal issue for resolution is whether the accused's request for individual counsel was properly denied. For reasons expressed below, we have determined that a limited hearing is required for the purpose of inquiring into an important undeveloped aspect of the matter.

The record shows that before and during the Article 32 investigation of the charges, which began on 9 December 1976 and was completed on 4 February 1977, the accused was represented solely by his requested military counsel, Captain Alan J. Parry, who at the time was the area defense counsel assigned to the Karamursel Common Defense Installation, Turkey. Captain Parry thereafter maintained telephonic contact with the accused until his departure from Turkey on 17 March 1977, pursuant to orders directing a permanent change of assignment to Williams Air Force Base, Arizona, as assistant staff judge advocate.

When the charges were referred to trial on 15 March 1977, Captain Robert P. Hailey was appointed by the convening authority

as defense counsel, with Captain James P. Mimikos named as assistant defense counsel. Captain Parry's name did not appear on the convening order. In due course, the case was scheduled for trial on 12 April 1977.

By letter dated 24 March 1977, the accused requested that Captain Parry be assigned to represent him at trial as individual defense counsel. Captain Parry, enroute to his new assignment, had been temporarily assigned for duty at Maxwell Air Force Base, Alabama, to attend the Air Force's Squadron Officers School. The school was scheduled to begin on 29 March 1977 and end on 10 June 1977. By message dated 31 March 1977, the appropriate authority at Air Force Headquarters notified the accused that Captain Parry was not reasonably available to represent him. The message indicated that Captain Parry's absence from Squadron Officers School for sufficient time to serve as the accused's counsel would probably preclude successful completion of the training. It further noted a 21-day lead time requirement to obtain authorization for entrance of military personnel into Turkey, in consequence of which there was insufficient time for Captain Parry to participate in the scheduled trial.

On 8 April 1977, the accused renewed his request before the military judge at an Article 39(a) session of trial convened for that purpose. Upon consideration of the stipulated facts and the arguments of counsel, the military judge ruled that Captain Parry was not reasonably available to act as the accused's counsel. As earlier done, the military judge treated the accused's request for Captain Parry as a routine application for individual counsel submitted pursuant to paragraph 48*b* of the Manual for Courts-Martial, 1969 (Rev). The trial judge bottomed his denial of the accused's request on the fact that Captain Parry had not been *formerly appointed* by the convening authority to represent the accused. On that same basis, the military judge declined to grant a defense alternative request for a continuance until Captain Parry would be available upon completion of Squadron Officers School.

■ It appears to this Court that the military judge, as well as the authority who made the pretrial decision, erred in treating the accused's request as a first instance request for individual counsel to be determined on the basis of whether the attorney was reasonably available. The evidence shows there existed a bona fide and active attorney-client relationship between the accused and Captain Parry which, for ought the record shows, retained full vitality at the time the charges were referred to trial and Captain Parry was reassigned to Williams Air Force Base, by way of his some ten week sojourn at the Squadron Officers School.

For that reason, the real issue was not the availability of requested counsel, but rather, the severance by the government of an existing attorney-client relationship, or frustration of the continuance of the relationship, by reassignment of the attorney away from the trial situs. *United States v. Owensby,* 46 C.M.R. 523 (N.C.M.R.1972); see *United States v. Catt,* 23 U.S.C.M.A. 422, 50 C.M.R. 326, 1 M.J. 41 (1975); *United States v. Eason,* 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *United States v. Murray,* 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970). In such circumstances, the government was required to bear the burden of showing *good cause* for the termination of the relationship, not the less onerous standard of *reasonable nonavailability* involved in a first instance request for individual counsel. *United States v. Owensby,* supra.

■ Absent other relevant considerations, we would be inclined to resolve this issue against the government and direct a rehearing. However, an indication in the record that Captain Parry volunteered for his assignment to the Squadron Officers School persuades us to postpone our ultimate disposition of the case. The fact that Captain Parry volunteered for the term of school which potentially conflicted with the accused's trial, suggests he was aware, perhaps from the outset, that his relationship with the accused was to have limited existence and that other counsel would have to

be assigned to represent the accused at any trial that might eventuate. If that is in fact the case, it seems reasonable that Captain Parry would have communicated the restrictive nature of his representation to the accused. Such circumstance, if true, would bear significantly on the question of whether the government unlawfully severed an existing attorney-client relationship. See *United States v. Paul,* 46 C.M.R. 421 (A.C.M.R.1972); cf. *United States v. Stanten,* 21 U.S.C.M.A. 431, 45 C.M.R. 205 (1972).

Unfortunately, perhaps due to the erroneous standard by which the issue was considered, the foregoing possibility was not developed by the government nor explored by the military judge at trial. As a result, the record as presently constituted is insufficient to permit an informed decision on the matter. In light of what we view as a not unrealistic possibility that the accused, early on, was made aware by Captain Parry that his services would be limited, we decline to hold their relationship was unlawfully severed without first making an effort to ascertain the actual terms of any understanding between the parties.

For the foregoing reasons, it is appropriate that a limited hearing be held for the purpose of developing this issue to the fullest possible extent. See *United States v. Ray,* 20 U.S.C.M.A. 331, 43 C.M.R. 171 (1971); *United States v. Dubay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). Accordingly, the case is returned to The Judge Advocate General of the Air Force for such action as may be required to assure that an impartial hearing is conducted. The hearing may be ordered by any convening authority designated by The Judge Advocate General for such purpose, and conducted before any military judge who may be detailed in the convening order. Both the accused and the government will be represented by counsel. At the conclusion of the hearing the military judge will make specific findings of fact to include, but not limited to, answers to the following questions:

1. Did Captain Parry advise the accused that his participation was of limited representation for specific pretrial purposes?

2. If so, what were the particulars of Captain Parry's intended participation, and when was such information communicated to the accused?

3. Did the accused agree to be represented by Captain Parry for pretrial purposes only, or understand and agree that if the trial were scheduled for a date subsequent to Captain Parry's reassignment he would be defended by Captain Hailey or Captain Mimikos, or other requested counsel, if reasonably available?

A verbatim record will be made of the proceedings, which, following proper authentication, will be submitted to this Court for further review of the case.

EARLY, Chief Judge, and ARROWOOD, Judge, concur.