UNITED STATES, Appellee,

v.

Rudolph L. KELKER, Jr., Private, U. S. Army, Appellant.

No. 33,200.
SPCM 10810.

U. S. Court of Military Appeals.

April 3, 1978.

*Captain Michael P. La Haye* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel John R. Thornock, Captain D. David Hostler,* and *Captain Lawrence E. Wzorek.*

*Major Michael B. Kennett* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr.,* and *Captain William C. Kirk.*

Opinion of the Court

COOK, Judge:

On April 30, 1975, the United States Army Court of Military Review set aside the findings and sentence in the present case and authorized a rehearing. Appellant was represented before the Court of Military Review by Captain La Haye, who had been detailed pursuant to Article 70, Uniform Code of Military Justice, 10 U.S.C. § 870. The case was subsequently referred to a special court-martial. Prior to trial, the appellant submitted a request that Captain La Haye be made available to rep-

resent him during the rehearing; that request was phrased in the following manner:

In view of the fact that I am entitled to Captain La Haye's services, I hereby request that you take all the administrative steps necessary to insure that Captain La Haye is present to defend me at my rehearing. I realize that I have the right to request that Captain La Haye withdraw from my case, but I do not desire that he do so at the present time.

I have also been advised that Captain Bryant has been detailed by you to represent me at my rehearing. I do not release Captain Bryant as my detailed defense counsel and request that he assist Captain La Haye in defending me.

This letter should not be regarded as a request for military counsel of my own selection. However, should you determine that for some legal reason I am not entitled to Captain La Haye's services as my appellate counsel, then and only then, I request that you treat this letter as a request for Captain La Haye's services as military counsel of my own selection under Article 38(b), of the Uniform Code of Military Justice.

Appellant was informed that he was not entitled to be represented by Captain La Haye on the basis he had represented the appellant during the appellate proceedings. His request was treated as a request for individual counsel under Article 38(b), UCMJ, 10 U.S.C. § 838(b), and this request was denied by the Officer in Charge, United States Army Legal Services, for the following reason:

1. CPT MICHAEL P. LA HAYE, JAAJ–DD, USALSA, HAS HEAVY LOAD OF APPELLATE CASES TO DEFEND AND NOT ABLE TO SERVE AS INDIVIDUAL COUNSEL IN THE CASE OF PV1 RUDOLPH KELKER WITHOUT PREJUDICING SUBSTANTIAL INTERESTS OF HIS APPELLATE CLIENTS. ALSO NOT FEASIBLE TO SHIFT CPT LA HAYE'S CASES TO OTHER APPELLATE COUNSEL AS ENTIRE DEF APP DIV HAS LARGE BACKLOG CASES. 2.

ACCORDINGLY, PURSUANT TO PARA 488(2) [sic] MCM 1969 (REV), IT IS DETERMINED THAT CPT MICHAEL P. LA HAYE NOT REASONABLE AVAILABLE. PV1 KELKER'S REQUEST IS DENIED.

At trial appellant was represented by detailed defense and assistant defense counsel who renewed the appellant's request before the military judge. That request was denied, and the appellant was convicted of the sale of marijuana (2 specifications) and both the findings and sentence were affirmed by the Court of Military Review. We granted review to determine whether the appellant's request was improperly denied.

Appellant submits that he was entitled to the services of Captain La Haye because the rehearing was a mere continuation of the appellate proceedings so the detailment of Captain La Haye under Article 70 entitled him to Captain La Haye's services before both the Court of Military Review and the rehearing. Additionally, the appellant submits that, in any event, the determination of unavailability is not supported by the record and, thus, his request should have been granted pursuant to Article 38(b), UCMJ.

We first address the argument relating to the extent of appellant's entitlement to counsel under the provisions of Article 70. In *United States v. Patterson,* 22 U.S.C. M.A. 157, 46 C.M.R. 157 (1973), the Court was faced with the opposite situation posed by the present case: the accused requested that his trial defense counsel represent him on appeal. After reviewing the legislative history of Article 70 and previous custom and practice, the Court concluded that Article 70(a) "contemplated designation of military appellate defense counsel different from trial counsel," and held that Article 38(b) did not grant an accused the right to select appellate counsel. *Id.* at 161, 46 C.M.R. at 161. The Court rejected a defense argument that *United States v. Eason,* 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972), and *United States v. Murray,* 20

U.S.C.M.A. 61, 42 C.M.R. 253 (1970),[1] were controlling on the basis that those cases "involved discontinuance of participation at the trial level, however, and nothing in either opinion intimates that the same result should obtain at the appellate level." *United States v. Patterson, supra* at 159, 46 C.M.R. at 159.

*Patterson* recognized the separability of the trial and appellate functions. This aspect of the military justice system has occasioned the Court to impose requirements to prevent a gap between trial and appellate representation. *United States v. Palenius,* 2 M.J. 86, 92–3 (C.M.A.1977). Separability of counsel is necessitated by the tremendous geographic separation between trial and appellate proceedings within the military. *See* ABA Standards, Providing Defense Services § 5.2 (1968). Thus, it is apparent that the right to counsel under Article 70 is limited to the appellate level. As the Court of Military Review set aside the findings of guilty and the sentence and the case was subsequently referred for trial, the present case involves a request for counsel at the trial rather than at the appellate level. *United States v. Flint,* 1 M.J. 428 (C.M.A.1976). Accordingly, the appellant was not entitled, as of right, to be represented at the rehearing by Captain La Haye, and there was no improper severance of an existing attorney-client relationship under the provisions of Article 70.

We turn now to consider whether Captain La Haye should have been detailed under the terms of Article 38(b). Government counsel submit that counsel detailed for appellate duty under Article 70 are removed from the pool of counsel who may be requested under Article 38(b). Alternatively, they argue that the request was properly denied on the ground of unavailability.

The right to individual military counsel has been broadly applied by this Court. *See United States v. Johnson,* 23 U.S.C.M.A. 148, 48 C.M.R. 764 (1974). In *United States v. Patterson, supra* at 161, 46 C.M.R. at 161, the Court recognized that Articles 38 and 70 contemplate that appellate defense counsel would be different from trial defense counsel. We are now urged to hold that the articles require that those normally detailed as trial defense counsel must be different from those available as appellate defense counsel. *Patterson* held that Article 70 limited the *forum* at which an accused has the right to request counsel, it did not hold that Article 38(b) limited the pool of counsel available for representation at the trial level. Therefore, *Patterson* is not dispositive. However, we decline to answer the question as we find that the request for Captain La Haye was properly denied on the basis that he was not reasonably available.

In *United States v. Vanderpool,* 4 U.S.C.M.A. 561, 566, 16 C.M.R. 135, 140 (1954), the Court said:

> [T]he right to choose counsel in the first instance may not be insisted on in such a manner as to obstruct either other important operations of the service concerned or the orderly administration of military justice.

Here, the appellant's request was denied because Captain La Haye was laboring under a heavy case load. The number of cases assigned to an attorney is certainly a factor in determining whether he should be assigned to another as counsel, but it is not the only factor to be considered. In *United States v. Quinones,* 1 M.J. 64, 69 (C.M.A. 1975), the Court noted that "in considering a request for individual counsel, the commander must weigh all relevant circumstances, 'including the duties assigned' to counsel [*United States v. Cutting,* 14 U.S.C.M.A. 347, 351, 34 C.M.R. 127, 131 (1964)]."

---

1. The Court held in *United States v. Eason,* 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972), that an accused's request for counsel had been improperly denied where the requested counsel had extensively represented the appellant during pretrial proceedings which had been conducted in Viet Nam, but such counsel was subsequently transferred to California and the accused was transferred to Quantico, Virginia, for trial of a capital offense. In *United States v. Murray,* 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970), the Court held an existing attorney-client relationship could not be severed at the trial level by a routine change of duty station.

See United States v. Gatewood, 15 U.S.C. M.A. 433, 435, 35 C.M.R. 405, 407 (1965). In the present case, the appropriate commander considered not only the number of cases involved, but the impact counsel's departure would have on the rights of his existing clients and the ability of other counsel to absorb responsibility for matters that would have to be detailed to them for the period of the Captain's absence. Under the circumstances, we find no abuse of discretion.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.