## UNITED STATES

### v.

### Senior Airman Timothy B. TURNER, FR 081–54–4168 United States Air Force.

### ACM S25762.

U. S. Air Force Court of Military Review.

Sentence Adjudged 31 Aug. 1982.

Decided 15 Feb. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HODGSON, HEMINGWAY and MILLER, Appellate Military Judges.

## DECISION AND ORDER

HEMINGWAY, Senior Judge:

The accused, in accordance with his pleas, was convicted of two specifications of wrongful sale of marijuana, in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. He was sentenced to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 per month for four months and reduction to airman basic.

Prior to trial, the accused's counsel sent a discovery request to the trial counsel in which he asked for disclosure of all statements made by the Office of Special Investigations (O.S.I.) informant, including any statements which might later be discoverable under the Jencks Act, 18 U.S.C. § 3500. The trial counsel replied that the defense counsel had already been furnished all discoverable evidence. What trial counsel did not inform the defense counsel, and what defense counsel apparently did not learn until after the accused was tried, was that the notes made by the informant subsequent to each of his purchases from the accused had been destroyed by someone in the Office of Special Investigations.

The accused now urges us to set aside his conviction asserting that knowledge of the destruction of the notes would have led to a Jencks Act motion and dismissal at trial level. The record in this case is not sufficiently developed that we can either affirm or dismiss. Further inquiry will be necessary.

Several other matters also warrant our comment. The Staff Judge Advocate,

in his review, took the position that failure to make a second demand for the discovery of the notes following the testimony of the informant at trial operated as a waiver of the discovery request. We reject such reasoning. We find no merit in requiring defense counsel to move for the production of evidence after he has made a specific request for knowledge of statements discoverable under the Jencks Act and has been told he already is in possession of all discoverable material. *See United States v. Karo,* 46 C.M.R. 633 (A.C.M.R.1972).

We also wish to make clear the duty of preservation and disclosure of evidence applies not only to trial counsel, but also to all government investigative agencies. *United States v. Bryant,* 439 F.2d 642 (D.C. Cir.1971).

Since the record in this case fails to provide us with sufficient evidence to support a final decision, it is appropriate that a limited hearing be set for developing this issue to the fullest extent possible. *See United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); *United States v. Littlejohn,* 4 M.J. 651 (A.F.C.M.R.1977). Accordingly, the case is returned to The Judge Advocate General for such action as may be required to assure an impartial hearing. The hearing may be ordered by any convening authority designated by The Judge Advocate General for such purpose, and conducted before any military judge who may be detailed in the convening order. Both the accused and the government will be represented by counsel. The hearing should address, but is not limited to, the following questions.

1. When were the notes of the informant prepared? When were they given to the O.S.I.?

2. How detailed was the information in the informant's notes? Was the information subsequently incorporated verbatim in a Report of Investigation? If so, was the report provided to the trial defense counsel? If the notes were not incorporated verbatim in a Report of Investigation, what use was made of them?

3. Who destroyed the notes? Why were they destroyed? Has the Office of Special Investigations taken action to prevent the improper destruction of evidence in the future?

4. When did the O.S.I. disclose the destruction of the notes? To whom was the disclosure made? When was the defense counsel informed of the destruction of the notes?

A verbatim record will be made of the proceedings which, following proper authentication, will be submitted to the Court for further review of the case.

HODGSON, Chief Judge, concurs.

MILLER, Judge, absent.