## UNITED STATES

v.

**Steven A. GNIBUS, 180 50 3402, Hull Maintenance Technician Fireman (E-3), U.S. Navy.**

**NMCM 82 4298.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 June 1982.

Decided 20 July 1983.

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Daniel Lippman, JAGC, USNR, Appellate Defense Counsel.

LCDR W.A. Dorsey, JAGC, USNR, Appellate Government Counsel.

Before SANDERS, MAY and CASSEL, JJ.

MAY, Judge:

Appellant was convicted, in absentia, by general court-martial, officer members, of three specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. He was sentenced to a bad-conduct discharge from the naval service, confinement at hard labor for 12 months, forfeiture of $275 per month for 12 months, and reduction to pay grade E–1. The sentence was approved on review below, with the convening authority granting 57 days administrative credit for pretrial confinement served.

Appellant now assigns four errors, none of which we find meritorious. Two of the assigned interrelated errors, however, warrant discussion:

I

APPELLANT SUFFERED PREJUDICIAL ERROR [sic] WHERE HE WAS DENIED REPRESENTATION BY LCDR BORRO, APPELLANT'S ORIGINALLY DETAILED COUNSEL AND TO [sic] WHOM APPELLANT HAD ESTABLISHED A CLEAR ATTORNEY–CLIENT RELATIONSHIP.

II

AFTER REFUSING TO PROVIDE LCDR BORRO AS DETAILED COUNSEL, APPELLANT SUFFERED ADDITIONAL PREJUDICIAL ERROR WHEN THE GOVERNMENT REFUSED TO COMPLY WITH APPELLANT'S REQUEST FOR LCDR BORRO AS INDIVIDUAL MILITARY COUNSEL.

Appellant now contends, that he was prejudiced by the improper denial of his request for his originally detailed counsel in the case, LCDR Borro, and by the denial of his subsequent request for the services of LCDR Borro as individual military counsel.

We have examined the record of trial of this case, including the record of the earlier special court-martial proceedings in this case, and find:

1. That the charges in this case, initially referred to a special court-martial by the Director of Administration, Naval Education and Training Center, Newport, Rhode Island, were properly, and with good cause, withdrawn, and subsequently were properly referred to trial at Naval Submarine Base, New London.

2. That the change in situs of trial was approved by the convening authority at Newport to facilitate access of appellant to desired expert witnesses and provide closer proximity to retained civilian counsel whose offices were in East Lyme, Connecticut. Additionally, it was the intent of the government, as of 19 June 1981, to transport LCDR Borro, even though detached on change of station orders, back to New London to participate as detailed defense counsel.

3. That the existing attorney-client relationship between appellant and LCDR Borro was severed as of the commencement of appellant's unauthorized absence on 25 June 1981, due to the following factors:

a. LCDR Borro was no longer stationed at Naval Legal Services Office, Newport, and had been reassigned to the billet of principal legal advisor, Naval Air Station, Sigonella, Italy, at the time of appellant's unauthorized absence which commenced on 25 June 1981.

b. Appellant's detailed counsel at this trial was provided adequate time to prepare this case for trial.

c. No evidence was submitted to indicate that LCDR Borro possessed any unique or specific expertise above that of detailed counsel here, or that his presence was essential to the adequate presentation of appellant's case or any asserted defense in this trial. *See United States v. Rachels,* 6 M.J. 232 (C.M.A.1979); *United States v. Eason,* 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *United States v. Murray,* 20 U.S.C.M.A. 61, 42 C.M.R. 253 (1970); *United States v. Tellier,* 13 U.S.C.M.A. 322, 32 C.M.R. 323 (1962); *United States v. Roberts,* 14 M.J. 584 (N.M.C. M.R.1982); *United States v. Thomas,* 45 C.M.R. 908 (N.C.M.R.1972).

Our reading of the above cases convinces us that under the facts and circumstances of this case, the determinative combination of (1) unique qualifications of a specific counsel, (2) extensive preparation or trial planning by that counsel, (3) and insufficiency or lack of access to competent replacement counsel, was not present. Appellant, asserts, in essence, a *per se* prejudice because of the denial of the services of LCDR Borro with whom he had established an earlier attorney-client relationship. We find that contention an overly expansive interpretation of right to counsel concepts.

We find no merit in that contention, as we believe that no reasonable interpretation of existing case law in this area supports the proposition that an existing attorney-client relationship stands, in effect, immutable, in the face of the cumulative set of circumstances occurring here.

We further find that the denial, without referral to LCDR Borro's commanding officer in Sigonella, Italy, of appellant's request for individual military counsel was proper. We find that at the time of the denial, the convening authority here appropriately and properly ascertained that there was no longer an existing attorney-client relationship between appellant and LCDR Borro. We do not interpret the provisions of the Section 0110A.C(2)(a), Manual of the Judge Advocate General of the Navy (JAGMAN), as requiring absolute referral to the commander of the requested counsel simply because a "claim" is made of an existing attorney-client relationship. Certainly any such assertion of counsel-client relationship must withstand some good faith inquiry of the basis and validity of the "claim" prior to transmittal to an often distant commander who must determine the "availability" of the requested counsel.

We find, therefore, that the military judge in his ultimate ruling on this issue, properly denied appellant's request for the presence of LCDR Borro as either "detailed defense counsel" or as individual military counsel. *See also* paragraph 48, *Manual for Courts-Martial, 1969 (Rev.);* Article 0110A.b(2), JAGMAN.

We have examined the record of trial, the assignments of error and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge SANDERS and Judge CASSEL concur.