**UNITED STATES**

v.

**Senior Airman Timothy B. TURNER, FR 081–54–4168 United States Air Force.**

**ACM S25762 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 31 Aug. 1982.

Decided 4 Oct. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens, Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

FORAY, Senior Judge:

Consonant with his pleas, the accused was convicted of two offenses of sale of marijuana, in violation of Article 134, U.C.M.J. The approved sentence extends to bad conduct discharge, confinement at hard labor for four months, forfeiture of $367.00 per month for four months and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged on 4 October 1982. Subsequently, on 24 November 1982, the convening authority remitted the unexecuted portion of the sentence pertaining to confinement at hard labor.

This case first came before us on 15 February 1983. Appellate defense counsel then urged among other errors that:

THE TRIAL COUNSEL VIOLATED THE APPELLANT'S RIGHT TO DISCOVERY BY NOT DISCLOSING ALL STATEMENTS IN THE HANDS OF THE GOVERNMENT.

To place this assignment of error in perspective a recitation of the circumstances pertinent thereto is necessary.

The charges were ordered tried on 12 August 1982. On 25 August 1982, trial defense counsel submitted a discovery request to the trial counsel to provide certain information and evidence to include all statements made by the Office of Special Investigations (O.S.I.) informant and any statements or reports which might be discoverable under the Jencks Act, 18 U.S.C. § 3500. Trial counsel responded by indicating that the requested discoverable information had already been provided to trial defense counsel. Trial proceedings were then had on 30 and 31 August 1982, concluding with the results previously described. No motions were made at trial for any relief regarding the defense discovery request.

After trial and as a result of a diligent inquiry by a defense counsel in another apparently unrelated case, trial defense counsel here learned that there had indeed been other statements made by the infor-

mant in the case that had not been provided to him. It was also discovered that the statements were destroyed by an agent of the O.S.I. prior to trial.

In its decision, *United States v. Turner,* 15 M.J. 754 (A.F.C.M.R.1983), this Court said with regard to the assigned issue in question that the record in the case failed to provide it with sufficient evidence to support a final decision. The Court found that a limited hearing would be appropriate to develop the issue to the fullest extent possible. *United States v. DuBay,* 17 U.S.C. M.A. 147, 37 C.M.R. 411 (1967); *United States v. Littlejohn,* 4 M.J. 651 (A.F.C.M.R. 1977). Accordingly, the case was returned to The Judge Advocate General for the action required to assure an impartial hearing in the matter. The Court also outlined the issues to be addressed at the hearing.

Pursuant to the Court's decision, the record of trial was returned to the convening authority and a limited hearing was ordered and conducted. The case is again before us for review.

At the limited hearing the evidence adduced showed that the informant in this case made a handwritten statement after each of the two drug transactions of which the accused had been found guilty. Shortly after each had been made it was given by an O.S.I. agent to a secretary for transcription by typewriter. That secretary would routinely transcribe any handwritten material presented her in verbatim fashion save any minor grammatical or punctuational changes and did so with these statements. Each transcribed typewritten statement was then sworn and subscribed to by the informant. These typed statements of the informant were in the possession of trial defense counsel prior to the trial.

The evidence obtained at the limited hearing also showed that after the informant's handwritten statements were transcribed into typewritten form and then executed by him, the handwritten versions were destroyed by an O.S.I. agent. It has been his policy to routinely destroy handwritten statements in almost every case when those statements were replaced with a typewritten copy of their contents. He did so because he did not think it was necessary to keep two identical copies of a statement in an investigative file folder and "we were just trying to keep our case files neat." He also destroyed such statements at times for another reason. That was to protect a "source" of information by having any source's name appear in a case file as few times as was necessary. The agent's reasons for the destruction of such statements were not valid and, in fact, contrary to the then existing O.S.I. regulations regarding the maintenance of investigative materials.

The appeal here is in the nature of a Petition for New Trial. Article 73, U.C. M.J.; Manual for Courts-Martial, 1969 (Rev. Ed.) paragraph 109. It is contended that a fraud on the court was committed when trial counsel wilfully concealed from the defense evidence favorable to the defense which, if provided and considered by the court-martial along with all the other evidence, would probably have resulted in a finding of not guilty. Manual for Courts-Martial, *supra,* paragraph 109 d(3)(*b*).

When, in advance of trial, the prosecutor receives a specific request from the defense counsel for information which is in the prosecutor's possession or control, the request must be honored by furnishing the information or submitting the problem to the trial judge for resolution. The subject matter of the information requested must be material or a substantial basis for claiming materiality must exist. A failure on the part of the prosecutor to favorably respond to a specific and relevant request is seldom, if at all, excusable. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Brickey,* 16 M.J. 258 (U.S.C.M.A.1983); 18 U.S.C. § 3500.

Here, the trial counsel neither knew any handwritten statements were made by the informant nor that they had been destroyed. Assuming those statements were in existence and within trial counsel's con-

trol at the time of the defense request for them, any failure on his part to respond to the request would not have prejudiced the accused's case in any way. The information in the statements was already in the hands of defense counsel in a different form, that of typewritten statements. The requested information, according to the evidence elicited during the limited hearing was substantially the same as the information already known to the defense counsel. The fact that the statements were indeed destroyed is of no moment. *United States v. Myers,* 13 M.J. 951 (A.F.C.M.R.1982), *pet. denied,* 14 M.J. 310 (C.M.A.1982); *United States v. Durden,* 14 M.J. 507 (A.F.C.M.R. 1982).

For the reasons stated the Petition for New Trial is denied. The record before us is absolutely devoid of any evidence of any fraud on the court. Nothing was concealed from the defense by the prosecution which, if provided and considered by the court along with all the other evidence, would probably have resulted in a finding of not guilty. Article 73, U.C.M.J.; Manual for Courts-Martial, *supra. See United States v. Whiteley,* 38 C.M.R. 724 (N.B.R.1967).

█ We are further convinced that the accused's pleas of guilty were knowingly, intelligently, and consciously entered. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

One other matter demands our attention and comment. When the convening authority took supplementary action purporting to remit the unexecuted portion of the sentence to confinement at hard labor he did so in a manner which was premature. Since appellate review in the case was pending and the initial action did not order the approved sentence into execution, the supplementary action effectively, though inadvertently, remitted the entire sentence to confinement. Air Force Manual 111–1, paragraph 9–5. In order to preclude any confusion regarding the administrative consequences attaching to the sentence to confinement we will remedy the convening authority's action in our decretal paragraph.

Accordingly, the findings of guilty and only so much of the sentence as provides for bad conduct discharge, forfeiture of $367.00 per month for four months, and reduction to the grade of airman basic are

AFFIRMED.

MILLER, Judge concurs.

HODGSON, Chief Judge absent.