UNITED STATES, Appellee,

v.

Specialist Four (E–4) Michael A. SMITH, SSN 289–66–7052, United States Army, Appellant.

SPCM 19775.

U.S. Army Court of Military Review.

30 Jan. 1984.

---

**820**

Major Paul J. Luedtke, JAGC, and Lieutenant Colonel William P. Heaston, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

In this case the practice of nominally detailing a trial defense counsel on court-martial convening orders not only caused unnecessary difficulties at trial but also has resulted in a considerable, and equally unnecessary, expenditure of time and resources during the process of appellate review.

Charges were preferred against appellant on 10 May 1983. Shortly thereafter, Captain (CPT) R was assigned responsibility for the case by his supervisor in the United States Army Trial Defense Service. Captain R arranged for an interview with ap-

pellant on 16 May 1983, at which time he correctly advised appellant of his rights to counsel.[1] Having been accepted by appellant as his only lawyer, CPT R undertook appellant's defense. About two weeks later, on 2 June 1983, the charges against appellant were referred to trial. The order convening the court-martial to which appellant's charges were referred detailed CPT P as the trial defense counsel rather than CPT R. This convening order had been published on 14 April 1983, over two months prior to the date on which appellant's charges were referred and well before any military counsel became involved in appellant's case. On 13 June 1983 a court-martial convening order was published which detailed CPT R as defense counsel in appellant's case, relieving CPT P. Appellant's trial took place on the next day, 14 June 1983. No attorney-client relationship ever existed between appellant and CPT P. Captain R never informed appellant that CPT P had been detailed as his defense counsel.

At trial, appellant was correctly informed of his basic rights to counsel by the trial judge. Appellant stated that he understood his rights and elected to be represented by CPT R alone. See Article 38(b), Uniform Code of Military Justice, 10 U.S.C. § 838(b) (1976). Appellant was then told by the trial judge that since CPT P had been detailed as defense counsel, appellant was also entitled to the services of CPT P.[2] In response, appellant personally and explicitly excused CPT P.

Appellant now alleges that CPT R's representation was inadequate, in part because CPT R failed to inform appellant before trial that CPT P had been detailed as defense counsel. This failure, appellant argues, deprived appellant of the ability to intelligently respond to the trial judge's inquiry as to whether appellant wanted

---

1. We note that the form CPT R used was inaccurate in that it stated that CPT R was not a lawyer, but we are satisfied that this anomaly was properly clarified. If the offending form is still in use, the defect should be promptly remedied.

2. For the purpose of this discussion we have assumed that appellant was entitled to CPT P's services despite the contrary inference which flows from the lack of any attorney-client relationship between appellant and CPT P prior to CPT P's relief. See United States v. Murray, 20 U.S.C.M.A. 61, 42 C.M.R. 253 (C.M.A.1970).

CPT P's services. This contention is without merit. The trial judge's explanation was specific and unambiguous, as were appellant's responses. Appellant has substantially above-average intelligence, has successfully completed high school and two challenging military training courses, and has a good command of the English language. It is clear that he understood the trial judge's advice and made an informed and intelligent decision concerning representation by CPT P.

The remainder of appellant's contentions regarding the adequacy of CPT R's representation are based on events which are in dispute. Having considered the evidence submitted by the parties, we resolve these factual disputes against appellant. Appellant's affidavit is the product of either wishful recollection or deliberate fabrication. Based upon this factual finding and the conduct of the defense as reflected in the record of trial, we are satisfied that appellant was represented effectively by his trial defense counsel.[3]

This case is, fortunately, a relatively mild example of the mischief that can result when shortcuts are taken for administrative convenience without careful consideration of the consequences. We encourage procedures which improve the efficiency of the administration of military justice; we ask only that they be well thought out to insure that they are not inconsistent with the requirements of the law and do not cause more problems than they solve.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.

---

[3]. *See generally United States v. Jefferson,* 13 M.J. 1 (C.M.A.1982) for a discussion of the standard for measuring effective assistance of counsel.