**UNITED STATES**

v.

**Airman First Class Nicholas J. MAKRIS, United States Air Force.**

**ACM S29881.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 28 July 2000.

Decided 23 Aug. 2001.

Schlegel, Senior Judge, filed opinion concurring in result.

Appellate Counsel for Appellant: Lieutenant Colonel Timothy W. Murphy and Major Natasha V. Wrobel.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo.

Before SCHLEGEL, ROBERTS, and BRESLIN, Appellate Military Judges.

## OPINION OF THE COURT

BRESLIN, Judge:

We have examined the record of trial and conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

■ While this case was submitted to us on its merits, we note a condition in the pretrial agreement (PTA) that warrants discussion. The condition states that the appellant agreed "to proceed to trial as quickly as both sides are available, but in no case later than 31 July 2000, even if that requires me to change defense counsel."

■ Rule for Courts–Martial (R.C.M.) 705(c)(1)(B) states that a term or condition in a PTA shall not be enforced if it deprives the accused of the right to counsel. We find no violation of this rule in this case because the PTA condition did not deprive the appellant of his right to counsel. However, given the rule, we suggest the exercise of caution when including conditions in PTAs that materially affect an accused's attorney-client relationship(s). Additionally, when such conditions are included in PTAs, military judges should conduct an appropriate inquiry on the record to ensure that the condition does not deprive the accused of his or her right to counsel. *Cf. United States v. McFadyen*, 51 M.J. 289 (1999). In the appellant's case, the military judge performed an appropriate inquiry and correctly found the PTA to be lawful.

Accordingly, the findings and sentence are

AFFIRMED.

SCHLEGEL, Senior Judge (concurring in the result):

The appellant's drug offenses occurred in April 2000. The record of trial does not indicate when the investigation of the appellant was completed. However, the docketing memorandum from the chief judge for the circuit indicated the trial date (28 July) was set on 23 June. The charge and specifications were preferred on 25 July. On 27 July they were referred to a special court-martial and served on the appellant. On the same day,

the appellant entered into a PTA with the convening authority.[1] The court-martial was held on 28 July 2000. The convening authority's action in the case is dated 18 October 2000.

The appellant's PTA included eight conditions that he was required to fulfill, three of which attracted special scrutiny by the judge. The defense counsel told the judge that the three conditions originated with the staff judge advocate. The first was to "waive all waivable motions." The next required waiver of the right to call "any witnesses from outside the local area." The defense counsel explained they had no motions or any witnesses that needed to be called from outside the local area. The judge was satisfied that these conditions did not violate R.C.M. 705(c)(1). I agree with his conclusions. *See* R.C.M. 705(c)(2)(E).

The most controversial condition required the appellant "to proceed to trial as quickly as both sides are available, but in no case later than 31 July 2000, *even if that requires me to change defense counsel.*" (Emphasis added.)

DC: I'd also like to comment on number five, which this pretrial agreement was essentially drafted several weeks ago, at which time the government had a keen interest in moving this case quickly as to Airman Makris. He, at that time, was represented by a Captain Nicole Schippers, the Beale Air Force Base, Area Defense Counsel. She was not available until mid-August, at the earliest, for trial purposes. The Staff Judge Advocate indicated that to get the deal that Airman Makris wanted or the benefit of this pretrial agreement, it would have to be done by the end of July and he would just have to find another defense counsel. I made myself available for those purposes.

In response to the judge's questions, the appellant said that his release of Captain Schippers was voluntary and occurred approximately three weeks prior to trial. The prosecution offered no explanation why this provision was included in the PTA. Trial counsel acknowledged that no courts-martial were pending in which the appellant would be required to testify. As a practical matter, this was confirmed by the appellant's transfer to the confinement facility at Edwards Air Force Base (AFB), California, on 4 August 2000.

A military accused has a right to counsel which exceeds the minimum required by the constitution and is "probably unparalleled elsewhere." *United States v. Gnibus,* 21 M.J. 1, 6–8 (C.M.A.1985).

> The right to effective assistance of counsel and to the continuation of an established attorney-client relationship is fundamental in the military justice system. *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977). An existing attorney-client relationship cannot be terminated without the accused's consent merely for the convenience of the Government. *United States v. Murray,* 20 U.S.C.M.A. 61, 42 C.M.R. 253, 1970 WL 7062 (1970).

*United States v. Baca,* 27 M.J. 110, 118 (C.M.A.1988). Once an attorney-client relationship is established, defense counsel may only be excused with the consent of the accused. R.C.M. 506(c). *But see* R.C.M. 505(d)(2) and 506(b)(3). A PTA is unenforceable if it deprives an accused of the right to counsel. R.C.M. 705(c)(1)(B).

The appellant had an established attorney-client relationship with Captain Schippers. She effectively represented the appellant and negotiated the terms of the PTA. However, she was not available for trial until mid-August. Instead of delaying the trial for two weeks, the staff judge advocate insisted that the appellant would have to get a new defense counsel if he wanted to have the benefit of the PTA, despite the fact that the appellant was not formally charged until three days before trial.

Attorney-client relationships should not be viewed as a bothersome speed bump on the road to the efficient administration of military justice. In my view, the majority's admonishment about this condition in a PTA

---

1. The convening authority agreed to refer the charges and specifications to a special court-martial and approve a timely request for an early release from confinement at Christmas, if the appellant was eligible.

and guidance to judges doesn't go far enough. I would hold that any condition in a PTA that requires an accused to change defense counsel in order to obtain the benefit of the agreement is unenforceable unless the offer to include this condition originated with the accused. This would be consistent with R.C.M. 506 and give an accused sufficient freedom to bargain with the government. It would also prevent any meddling by the government with established attorney-client relationships. Allowing a staff judge advocate to insist that an accused must change counsel could render the provisions of Article 38, UCMJ, 10 U.S.C. § 838, and R.C.M. 505 and 506 meaningless.

I concur in the result because the record of trial in this case establishes that the appellant wanted a quick resolution of his case. In his unsworn statement, the appellant said that he wanted "the earliest possible court date" in order to get on with his life. He also said that he released Captain Schippers to accomplish this goal. I am convinced his release of Captain Schippers was voluntary as required by R.C.M. 506(c). Finally, I am also convinced the appellant was represented effectively by his new counsel.